UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
DANIELE INTERNATIONAL, INC.,        )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   C.A. No. 17-499 WES
                                    )
SABRA DIPPING COMPANY, LLC,         )
                                    )
          Defendant.                )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

I.   Introduction

   Plaintiff Daniele International, Inc. ("Plaintiff" or "Daniele") contracted with Defendant Sabra Dipping Company, LLC ("Defendant" or "Sabra") for Sabra to provide hummus to be included in Daniele's Sabra Party Platter Select ("party platter"). The deal went bad because the hummus went bad (it was allegedly infested with Listeria, which tainted the entire platter). As a result, Daniele brings a multi-count state-law Complaint (ECF No. 1); Sabra moves to dismiss (ECF No. 10) Daniele's claims for strict products liability (Count III), common law indemnification (Count VII), tortious interference with contractual relations (Count VIII), tortious interference with business expectancy (Count IX), and negligent misrepresentation (Count X).

In a hearing on April 4, 2018, the Court denied Sabra's Motion with respect to Count VII, dismissed Counts VIII and IX, and took under advisement Counts III and X. This Memorandum and Order addresses Counts III and X.

II. Background[1]

Since 1945, Daniele has produced and distributed premium gourmet specialty foods, "buil[ding] a reputation for quality." (Pl.'s Compl. ("Compl.") ¶¶ 6, 9, ECF No. 1.) This quality was called into doubt when Sabra allegedly provided Listeria-infested hummus to be included in Daniele's party platter. (Id. ¶¶ 29-30.)

In 2016, Daniele and Sabra agreed that Sabra would provide Daniele packages of hummus to be incorporated into its party platter, which Daniele packaged and distributed. (Id. ¶ 11.) In connection with the parties' agreement, Sabra effectuated a Product Guaranty and Indemnification Agreement, through which it promised to provide untainted products fit for their forecasted purpose. (Id. ¶¶ 12-13.) Moreover, with respect to any potential product recalls, Sabra promised to accept back any faulty products for a full refund. (Id. ¶ 14.)

In October 2016, the United States Food and Drug Administration

---

[1] Because this is a motion to dismiss and the Court "assume[s] the truth of all well-pleaded facts and indulge[s] all reasonable inferences therefrom that fit the Plaintiff's stated theory of liability," Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002), this section describes the facts as Daniele alleges them.

2

("FDA") inspected Sabra's manufacturing facility in Colonial Heights, Virginia. (Id. ¶ 23.) This inspection revealed that the facility was contaminated by the presence of Listeria monocytogenes, a substance harmful to humans if ingested. (Id. ¶ 24.) On November 19, 2016, the FDA directed that Sabra recall various hummus products manufactured before November 8, 2016, in light of the presence of Listeria; on November 23, 2016, the FDA's directive ("2016 Recall") was updated to include the party platter. (Id. ¶¶ 29-30.) The November 23 update recalled the entire party platter due to the risk that the Listeria-infested hummus may have cross-contaminated the other party-platter products. (Id. ¶ 30.) The 2016 Recall was extensively publicized by national media outlets – outlets that also assigned Daniele a role in the Listeria outbreak. (Id. ¶¶ 30-32.)

Daniele contends that it has lost a considerable investment (more than $750,000) in preparing for the party platter "production line" – money that it would not have spent, and equipment that it would not have purchased, but for the party platter's production. (Id. ¶¶ 16-20.) For instance, Daniele purchased two meat-slicing machines, which were only useful in producing the party platter. (Id. ¶ 17.) In addition, because of the 2016 Recall, Daniele was faced with substantial expenses including back charges from retailers who had received party platters and returned them. (Id. ¶ 33.) Sabra's recalled hummus also forced Daniele to discontinue making its party platters altogether, which, in turn, left Daniele

3

with substantial inventory that it had no use for, as well as twenty employees that it had to let go.  (Id. ¶¶ 34-36.)

III.  Legal Standard

In assessing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the district court must 'accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory.'"  Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)).  To overcome a motion to dismiss, a complaint must possess "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

IV. Discussion

Sabra moves to dismiss Daniele's strict-products liability (Count III) and negligent-misrepresentation (Count X) claims.  While Sabra's argument may have merit, it is too early to tell.

Sabra's principal attack on both of Daniele's claims is grounded in the "economic-loss doctrine."  Under Rhode Island law, this doctrine provides that, "a plaintiff is precluded from recovering purely economic losses in a negligence cause of action."  Boston

4

Inv. Property #1 State v. E.W. Burman, Inc., 658 A.2d 515, 517 (R.I. 1995). Notably, the Rhode Island Supreme Court has not answered whether it would apply that doctrine to claims sounding in either strict-products liability or negligent misrepresentation. But as this Court has said before, "it is simply too early in the litigation cycle to determine whether the economic loss doctrine precludes Plaintiff's claim[s,]" and the Court need not venture a guess on how the Rhode Island Supreme Court would opine. See Lang Pharma Nutrition, Inc. v. Aenova Holding Gmbh, No. 16-371 S, 2017 WL 3327572, at *4 (D.R.I. Aug. 3, 2017); see also Sheet Metal Workers Local No. 20 Welfare & Benefit Fund v. CVS Health Corp., 221 F. Supp. 3d 227, 237-38 (D.R.I. 2016). "The bottom line is that . . . the economic loss doctrine does not bar [Plaintiff's] claims at this stage. It may well come out in discovery that the only basis for the claims is in contract, in which case this could be revisited at summary judgment." Sheet Metal Workers, 221 F. Supp. 3d at 238.

Although too early to tell, it is possible that the economic-loss doctrine is inapposite to the strict-products-liability claim because, as Daniele argues, that doctrine only prohibits economic losses for harm to the defective product itself; here, Daniele alleges, the infested hummus tainted other contents of the party platter (i.e., meats and cheeses). But it is premature to test Sabra's response that "both the hummus and the meats and cheeses are component parts of a single product – the Party Platter." (Def.'s

Reply 1-2, ECF No. 15.); see, e.g., Starline Windows Inc. v. Quanex Bldg. Prods. Corp., No. 3:15-cv-01282, 2016 WL 3144060, at *3 (S.D. Cal. June 6, 2016) ("[T]he issue of whether a component part is distinct from the larger product is a fact intensive inquiry inappropriate for resolution on a motion to dismiss."); Digby Adler Grp., LLC v. Mercedes-Benz U.S.A., LLC, No. 14-cv-02349-TEH, 2015 WL 1548872, at *8 (N.D. Cal. Apr. 7, 2015) ("[A]t this early stage of the proceedings, the Court will not bar Plaintiff's claim under the economic loss rule absent sufficient factual development."); KB Home v. Superior Court, 5 Cal. Rptr. 3d 587, 597 (Cal. Ct. App. 2003) ("Resolution of [determining what the product at issue is], however, should be left to the trier of fact." (citations and quotations omitted.)). Accordingly, Sabra's arguments for dismissal must be denied.

V. Conclusion

For the reasons outlined above, Sabra's Motion (ECF No. 10) is DENIED with respect to Counts III and X.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: June 7, 2018